JENNIE BROWN v. EVALINE McKIMMIE ET AL.

*Landlord and tenant—Assault—Eviction.*

1. Where, in an action of trespass for an alleged unlawful entry into leased premises by the wife and sons of the landlord, the question whether or not the oral lease under which the plaintiff's husband held had terminated at the time of the entry is submitted to the jury, their finding will not be disturbed on appeal.

2. Plaintiff and her husband were in possession of a house on the farm where the husband was at work, and, on the same day on which a notice to leave the premises was served on the husband, the wife and sons of the owner of the farm came to the house in the absence of plaintiff's husband, and, after informing her that she must move out at once, commenced taking the furniture out of the room where she was into an old kitchen, and told her to pack her clothes, shortly after which her husband came, and took her away. Plaintiff sued the wife and sons in trespass, claiming that she was driven from the house by the defendants, and that the time for which her husband had taken the premises had not expired. The

defense was that the hiring was only for one month, and that the time had expired. The court left this latter question of fact to the jury, and instructed them that, if they found that the hiring had not terminated at the time of defendants' entry, they should take into consideration what took place in the house on that day; that the mere entry into the house by the defendants, under the circumstances, would not give plaintiff a right of action, even if the lease had not terminated, and, if plaintiff recovered, it must be for an injury to herself; and that the jury, in order to find a verdict for the plaintiff, must find that the conduct of the defendants amounted to an eviction. And it is held that the charge properly stated the law.

Error to Wayne. (Carpenter, J.) Argued June 22, 1894. Decided September 25, 1894.

Trespass. Defendants bring error. Affirmed. The facts are stated in the opinion.

*James H. Pound*, for appellants.

*George W. Coomer* and *William F. Atkinson*, for plaintiff.

LONG, J. This cause was commenced in justice's court, where plaintiff had judgment. On appeal to the circuit, plaintiff again prevailed before a jury, who returned a verdict for $50.

The action is trespass, and on the trial it was claimed by the plaintiff that her husband hired out to J. A. McKimmie for two months, and went to work on February 8, 1892; that he and his wife, the plaintiff here, moved into a house on McKimmie's farm at that time, and remained there until March 9, when McKimmie served a notice on her husband to leave the premises; that on the same day the wife of McKimmie, and his sons, the defendants here, came to the house where plaintiff lived, in the absence of her husband, and told her she must move out, and at once commenced taking the furniture out of the room where she was into an old kitchen and told her to pack her clothes; that her husband came

shortly after, and took her away. Her claim is that she was driven from the house by the defendants, and that the time for which her husband had taken the premises had not expired. The defense was that the hiring was for only one month, and that the time had expired. The court directed the jury that if the hiring was for one month the plaintiff was not entitled to recover.

On the trial a receipt was produced, which had been given by plaintiff's husband, as follows:

"March 8, 1892.
"Received of J. A. McKimmie $22.50 for one month's pay. Payment in full up to date. Wages and time terminates to-day."

Plaintiff claimed that the words "terminates to-day" were not in the receipt when signed, and the jury so found.

The court directed the jury that if the hiring was for two months, and the agreement was afterwards made, as stated in the receipt, that the tenancy should cease in one month, that would end the case, and the plaintiff could not recover. If, however, the hiring had not terminated, then the jury should take into consideration what took place in the house that day; and they were directed that the mere entry into the house by the defendants, under the circumstances, would not give the plaintiff a right of action, even if the lease had not terminated, and, if she recovered, it must be for an injury to herself, and that it must be found that the conduct of the defendants amounted to an eviction in order to find a verdict for plaintiff. This charge properly stated the law.

There are many assignments of error, but, after a careful examination, we think none of them can be sustained. The defendants certainly cannot complain of the charge, and there was some testimony to sustain the charge.

Counsel for defendants, in his brief, discusses at some

length the right of defendants to enter and take possession
of the premises, because the lease and the hiring of plaint-
iff's husband had terminated. This question was submitted
to the jury, and settled by them. It was plaintiff's house,
and it was invaded by the defendants without just right.
She was permitted to recover for the wrong done her, and
nothing more.

The judgment must be affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., con-
curred. MONTGOMERY, J., did not sit.